# EXHIBIT A

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------X
RAYMON BRUNO,

        Plaintiff

-against-

GC SERVICES LIMITED PARTNERSHIP,
PIONEER CREDIT RECOVERY, INC.,
EDUCATIONAL MANAGEMENT CORP.,

        Defendants.
-----------------------------------------------------------X

Index No.: 16256/15

SUMMONS  6/19/15

The basis of venue is Plaintiff's residence.



YOU ARE HEREBY SUMMONED to appear in the Civil Court of the City of New York, County of Queens, at the office of the said Court, located at 89-17 Sutphin Blvd., Jamaica, New York within the time provided by law as noted below, and to file your answer to the endorsed complaint with the Clerk; upon your failure to answer, judgment will be taken against you for the sum of $10,000 with interest thereon from June 18, 2012, together with the costs of this action.

Dated: June 18, 2015

Defendants' addresses:
GC Services Limited Partnership
6330 Gulfton
Houston, TX 77081

Pioneer Credit Recovery, Inc.
26 Edward Street
Arcade, NY 14009

Educational Credit Management Corporation
1 Imation Pl, Building 2
Oakdale, MN 55128

Attorney for Plaintiff:
Jesse Langel, Esq.
The Langel Firm
225 Broadway, Suite 700
New York, NY 10007
646-290-5600
jesse@langellaw.com

Note: The law provides that:

(a) if this summons us served by its delivery to you personally within the City of New York, you must appear and answer within TWENTY days after service; or
(b) if this summons is served by delivery to any person other than you personally, or is served outside the City of New York, or by publication, or by any means other than personal delivery to you within the City of New York, you are allowed THIRTY days after the proof of service thereof is filed with the Clerk of this Court within which to appear and answer.

## COMPLAINT

## FIRST CAUSE OF ACTION
(Fair Debt Collection Practices Act)

1. Under the Fair Debt Collection Practices Act (FDCPA), Plaintiff is a "consumer" and Defendants are "debt collectors."
2. Plaintiff is a natural person and at all relevant times resided in Queens County, New York.
3. Defendant GC Services Limited Partnership ("GC Services") is a foreign limited liability partnership organized and existing in Delaware with its principal place of business cited above.
4. Defendant Pioneer Credit Recovery, Inc. ("Pioneer") is a foreign business corporation organized and existing in Delaware with its principal place of business cited above.
5. Defendant Educational Credit Management Corporation ("ECMC") is a foreign, non-profit corporation organized and existing in Minnesota with its principal place of business cited above.
6. To the extent ECMC is not considered a debt collector, it is separately liable under NYGBL § 349 and vicariously liable for the acts of its co-defendants.
7. Defendants' principal business purpose is the collection of debts.
8. The alleged debt at issue arose from a transaction for personal, family, and household purposes.
9. Defendants violated FDCPA §§ 1692b, 1692c, 1692e, 1692f, and 1692g as set forth below for making false, misleading and deceptive representations, and engaging in unfair practices, in connection with the collection of a consumer debt sought in the attached duns, which are all annexed hereto and incorporated by reference.
10. Plaintiff was represented by an attorney at all material times.
11. By letter dated May 17, 2010 (attached with certified mailing receipt), Plaintiff, through counsel, disputed the debt, demanded full verification, and informed Defendants of his contention that he satisfied the debt through an executed wage garnishment.
12. Upon information and belief, Defendants failed to satisfactorily verify Plaintiff's dispute and failed to satisfy their obligations to address Plaintiff's specific demands in his dispute.
13. Defendant ECMC redirected collection from Premiere Credit of North America, LLC to Defendant Pioneer. Upon information and belief, ECMC either failed to communicate to Pioneer that Plaintiff was represented by counsel, or Pioneer disregarded the fact that Plaintiff was represented by counsel by sending to Plaintiff directly the attached dun dated June 3, 2014.
14. By letter dated June 9, 2014 (attached with fax confirmation), Plaintiff's counsel reminded Defendant Pioneer that Plaintiff was represented by counsel, and as such, Pioneer had violated the FDCPA for communicating directly with a represented party.
15. Defendants disregarded and ignored Plaintiff's demand to have Defendants communicate only through Plaintiff's counsel. Plaintiff made a demand for damages under the FDCPA to Pioneer, which also went ignored.
16. Approximately one year later, Defendants again communicated directly with Plaintiff despite clear notice that he was represented by counsel. Defendant GC's Services dun dated May 5, 2015 (attached) was sent directly to Plaintiff.
17. Said dun was met with Plaintiff's counsel's faxed response (attached with fax confirmation) dated May 14, 2015. Plaintiff again advised Defendants that Plaintiff is represented by counsel.

18. By communicating directly with a represented party, Defendants violated FDCPA § 1692(c)a(2).

19. By communicating directly with a represented party, Defendants violated New York Rules of Professional Responsibility Rule 4.2.

20. Defendants lacked a sufficient system to screen for represented consumers in disputed matters.

21. Aside from an improper communication with a represented party, Defendants' duns are confusing to the least sophisticated consumer as to the role of Defendants.

22. Defendants' acts and omissions also violated FDCPA §1692g for passing the account around to each other without verifying the debt, without notifying each other that Plaintiff had counsel, and without notifying each other that the debt was disputed.

23. Defendants' duns are a deceptive means to communicate with a represented party, and a means to harass Plaintiff.

24. Defendant GC Services's dun fails to contain a validation notice as required under 1692g and *Tocco v. Real Time Resolutions, Inc.*, No. 14CV810, 2014 WL 3964948 (S.D.N.Y. Aug. 13, 2014).

25. Defendants added interest, fees, and charges not authorized by contract or statute.

26. Defendants' g-notice notice violations and unauthorized communications were misleading and confusing to the least sophisticated consumer, in addition to being a deceptive means to collect a debt.

27. As a result of the violations, Plaintiff suffered actual damages, which include but are not limited to, attorneys' fees, costs, financial loss, embarrassment, fear, worry, confusion, intimidation, nervousness, loss of privacy, loss of tranquility, and indignation.

## SECOND CAUSE OF ACTION
(NYGBL § 349)

28. Plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs.

29. NYGBL § 349 declares unlawful and deceptive acts or practices in the conduct of any business, trade, or commerce, or in the furnishing any service in the State of New York.

30. At all times material to this complaint, Defendants' deceptive acts and practices that gave rise to the claims herein occurred while Defendants conducted its business of collecting consumer debts. Deceptive acts and practices in the context of consumer-debt collection is a recognizable cause of action. *Midland Funding, LLC v. Giraldo.*[1]

31. Across New York State, NYGBL § 349 has been found broad enough to include debt collection and other post-sale acts, and several courts have applied the statute to debt collection. *Fontanta v. C. Barry & Associates, LLC.*[2]

32. The conduct complained of in this complaint occurred during, and in furtherance of, Defendants' for-profit business enterprise of pursuing consumers for alleged defaulted debt obligation.

33. Defendants' acts and practices have been directed entirely at consumers. Defendants' acts and practices have a broad impact on the New York consuming public and the courts of the State of New York.

---

[1] *Midland Funding, LLC v. Giraldo* 39 Misc.3d 936 (Dist Ct, Nassau County, 2013).
[2] *Fontanta v. C. Barry & Associates, LLC,* 2007 WL 2580490 (W.D.N.Y. Sept 4., 2007); *Cyphers v. Litton Loan Servicing, LLP*, 503 F.Supp. 2d 547 (N.D.N.Y. 2007).

34. Defendants' collection acts are part of a recurring practice against large numbers of consumers in furtherance of its business model of increasing debt volume while decreasing the costs of each case, thus enhancing profitability.

35. Defendants' offending collection practices have the capacity and tendency to deceive and mislead a significant percentage of consumers in a material way because they deprive consumers of state and federal rights and protections. These acts contribute to an increasing number of personal bankruptcies, and lead to marital instability and job loss, all of which are significant social concerns that applicable federal and state consumer protection laws were designed to prevent.

36. The acts and omissions complained of in this complaint under the preceding cause of action amount to "deceptive acts and practices" as defined under NYGBL § 349 and the case law interpreting it.

37. Some or all of the FDCPA violations alleged in this complaint amount to *per se* violations of NYGBL § 349.

38. As a result of these violations of NYGBL § 349, the plaintiff is entitled to an injunction barring Defendants from engaging in deceptive acts and practices, and to recover actual damages set forth in this complaint, three times the actual damages up to $1,000, costs and reasonable attorneys' fees pursuant to NYGBL § 349(h).

39. As a result of the violations, Plaintiff suffered actual damages, which include but are not limited to, attorneys' fees, costs, financial loss, embarrassment, fear, worry, confusion, intimidation, nervousness, loss of privacy, loss of tranquility, and indignation.

Wherefore, the plaintiff requests judgment against the defendant for statutory and actual damages, attorneys' fees and costs under FDCPA § 1692k, and under common law, together for the sum of $10,000 with the costs and disbursements of this action.

Dated: June 18, 2015

Jesse Langel, Esq.
The Langel Firm
*Attorneys for Plaintiff*
The Langel Firm
225 Broadway, Suite 700
New York, NY 10007
646-290-5600
jesse@langellaw.com

# THE LANGEL FIRM

A LITIGATION FIRM

225 BROADWAY, SUITE 700
NEW YORK, NEW YORK 10007
TEL. (718) 288-8518
FAX (646) 964-6682
JESSE@THELANGELFIRM.COM
WWW.THELANGELFIRM.COM

May 17, 2010

<u>Via certified mail-return receipt requested</u>

Educational Credit Management Corporation
C/O Premiere Credit of North America, LLC
P.O. Box 19309
Indianapolis, IN 46219-0309

Premiere Credit of North America, LLC
Lockbox 8822 P.O. Box 75848
St. Paul, MN 55175-0848

Re: Raymon Bruno, Acct # REDACTED

To whom it may concern:

Be advised that I have been retained by Raymon Bruno to represent his interests in this matter.

I am in receipt of your letter dated February 9, 2010, a copy of which is enclosed. Mr. Bruno's position is that he fully paid any amounts due under his student loan by way of full wage garnishment. By letter dated August 9, 2008, Mr. Bruno submitted a "Request for Review" (copy enclosed) to New York State Higher Education Services Corporation, along with copies of all garnished monies. To date, his Request for Review has not been responded to.

Be advised that this is a notice sent pursuant to the Fair Debt Collection Practices Act, 15 USC 1692g Sec. 809 (b) that your claim is disputed and validation is requested.

This is NOT a request for verification or proof of Mr. Bruno's address, but a request for VALIDATION made pursuant to the above named Title and Section. I respectfully request that your offices provide me with competent evidence that my client has any legal obligation to pay you.

Please respond to the following inquiries thoroughly and accurately:

1) For what is that amount of money owed?
2) How did you calculate the amount owed?
3) Provide me with copies of any papers that show that my client agreed to pay what you say he owes.
4) Provide a verification or copy of any judgment if applicable.
5) Prove the Statute of Limitations has not expired on this account.

6) Show me that you are licensed to collect in New York State.
7) Provide me with your license numbers and Registered Agent
8) Proof that your office or your client owns the debt/or has been assigned the debt.
9) Complete payment history, starting with the original creditor. (I need to have proof of his payment history with original Creditor, what the amount of the debt was when the creditor assigned the debt to your company, and what fees/interest has been tacked on to this debt and how you/they determined these fees.) This requirement was established by the case Fields v. Wilber Law Firm, Donald L. Wilber and Kenneth Wilber, USCA-02-C-0072, 7th Circuit Court, Sept 2004.
10) Copy of the original signed loan agreement or credit card application.

At this time I will also inform you that if your offices have reported invalidated information to any of the 3 major Credit Bureau (Equifax, Experian or TransUnion) this action might constitute fraud under both Federal and State Laws. Due to this fact, if any negative mark is found on any of my credit reports by your company or the company that you represent, I will not hesitate in bringing legal action against you for the following: Violation of the Fair Credit Reporting Act Violation of the Fair Debt Collection Practices Act, and/or Defamation of Character.

If your offices are able to provide the proper documentation as requested in the following Declaration, I will require at least 30 days investigating this information and during such time all collection activity must cease and desist.

Also during this validation period, if any action is taken which could be considered detrimental to any of my client's credit reports, I will file suit against you. This includes any listing of any information to a credit reporting repository that could be inaccurate or invalidated or verifying an account as accurate when in fact there is no provided proof that it is. If your offices fail to respond to this validation request within 30 days from the date of your receipt, all references to this account must be deleted and completely removed from my credit file and a copy of such deletion request shall be sent to me immediately.

I would also like to request, in writing, that no telephone contact be made by your offices to my client's home or to his place of employment. If your offices attempt telephone communication with him, including but not limited to computer generated calls and calls or correspondence sent to or with any third parties, it will be considered harassment and I will have no choice but to file suit. All future communications with me MUST be done in writing and sent to the address noted above.

It would be advisable that you assure that your records are in order before I am forced to take legal action. This is an attempt to correct your records; any information obtained shall be used for that purpose.

Sincerely,

Jesse Langel

cc Raymon Bruno

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

**For delivery information visit our website at www.usps.com**

OFFICIAL USE

Postage $

Certified Fee

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Total Postage & Fees  $

Postmark
Here

Sent To _Juno-Pramer_
Street, Apt. No.;
or PO Box No.
City, State, ZIP+4

REDACTED

```
* * Transmit Confirmation Report * *
                                                              Jun  9 2014 03:41pm
        P1
Sender:GUEST
TTI1:LAW OFFICE         TTI Number:
Destination      Type      Mode       Start Time    Time   Page Note    Result    Details
REDACTED         FAX       Normal     06/09 03:38pm 02'39"  5                * O K
```

# THE LANGEL FIRM

A LITIGATION FIRM

225 BROADWAY, SUITE 700
NEW YORK, NEW YORK 10007
TEL. (718) 288-9518
FAX (646) 864-6882
JESSE@THELANGELFIRM.COM
WWW.THELANGELFIRM.COM

June 9, 2014

<u>Via facsimile and first class mail</u>
(877) 653-2839

Pioneer Credit Recovery, Inc.
26 Edward Street
Arcade, NY 14009

    Re:  Raymon Bruno
         Reference # REDACTED
         Letter dated 6/3/14 (enclosed)

To Whom it May Concern:

The enclosed represents your second communication made directly with Mr. Bruno in violation of the Fair Debt Collection Practices Act. The first violation was last week.

Also enclosed is my demand for validation of 2010 along with proof of mailing.

Based on these violations, we demand REDACTED in compensation.

In the interim, all communications shall be made through me.

Sincerely,

Jesse Langel

Jun.09.2014  03:16 PM THE UPS STORE                              PAGE. 2/ 2

95A Rust Lane
Boerne, TX 78006-8202

 
REDACTED

08/03/2014

          **Pioneer**
          CREDIT RECOVERY, INC.
26 Edward Street, Arcade, NY 14009  1-855-202-7004

CREDITOR: Educational Credit Management Corporation
REFERENCE #: REDACTED
CURRENT BALANCE: REDACTED

1 MB  *A-02-A7Z-AM-00077-2  004

RAYMOND L BRUNO
REDACTED

PIONEER CREDIT RECOVERY, INC.
PO BOX 92
ARCADE NY 14009-0092

PLEASE DETACH AND RETURN THIS PORTION WITH PAYMENT

Your past due account(s) have been referred to our agency for collection. If you wish to resolve your obligation, call us toll free at 1-855-202-7004. All payments must come to our office to ensure proper credit to the account. Please call to discuss a resolution to this matter.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or a copy of a judgment and mail you a copy of such judgment or verification. If you request in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt, by a debt collector, to collect a debt and any information obtained will be used for that purpose.

As of the date of this letter, the balance shown is owed. Because interest may be required to be paid on the outstanding portion of the balance, as well as late charges and other charges that may vary from day to day, the amount required to pay the balance in full on the day payment is sent may be greater than the amount stated here. If the amount stated here is paid, an adjustment may be necessary after a payment is received. In that event, notification will occur of any adjustment in the balance. Before any payment intended to pay the balance in full happens, please contact Stephanie Perry at the address on this letter or call the number above.

* Please note the above bar coded address 35A Rust Lane, Boerne, TX 78006-8202 located in the left hand upper corner of this notice, is not the address of Pioneer Credit Recovery, Inc. This address is for processing undeliverable mail only. Please do not send correspondence or payments to that address. Please send all payments to PIONEER CREDIT RECOVERY, INC., P.O. Box 92, Arcade, NY 14009, all other correspondence needs to go to P.O. Box 110, Perry, NY 14530.

New York City Department of Consumer Affairs license numbers are: Arcade REDACTED, Perry REDACTED and Horseheads REDACTED

Creditor                                                  Account #        
Educational Credit Manage CHASE-JPMORGAN CHASE BANK          

PCR U-7001



CDGCSV90  172
PO Box 1022
Wixom MI 48393-1022
ADDRESS SERVICE REQUESTED

**GC Services Limited Partnership**
6330 Gulfton, Houston, TX 77081

 Please call: **844-266-1865**

May 5, 2015

USE ENCLOSED ENVELOPE AND SEND PAYMENT TO:

REDACTED

Raymond L Bruno



PO BOX 32500
COLUMBUS OH 43232

| YOU OWE: EDUCATIONAL CREDIT MGMT CORP (ECMC) | BALANCE DUE: REDACTED |
|---|---|
| ACCOUNT NUMBER: REDACTED | |

***PLEASE DETACH AND RETURN UPPER PORTION OF STATEMENT WITH PAYMENT***

May 5, 2015

Account Number: REDACTED

Dear RAYMOND L BRUNO,

Your account with EDUCATIONAL CREDIT MGMT CORP (ECMC) has been referred to GC Services for collection activity.

Please call us to discuss your account or send payment in full in the enclosed envelope. Include the top portion of this letter to assure proper credit of your payment. Indicate your account number on your check or money order.

You may contact our office at 844-266-1865 (toll free). We have Borrower Assistance Representatives to assist you from: Mon-Thur 8AM to 9PM, Fri 8AM to 6PM, Sat 8AM to noon EST.

In lieu of mail, you can pay by credit card through a third party payment service using the Internet at Iwant2.solvemydebt.com or phone at 1-866-294-0068. Use this control number to identify yourself when prompted: REDACTED

Yours very truly,

Dave Finney
Collection Manager

*As of the date of this letter, you owe $REDACTED Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you.

This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

NOTICE: SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION
GC Services Limited Partnership – 6330 Gulfton, Houston, TX 77081
REDACTED    PLI    REDACTED    REDACTED

```
* * Transmit Confirmation Report * *

P1                                                              May 14 2015 02:55pm
Sender:GUEST
TTI:LAW OFFICE        TTI Number:

Destination        Type    Mode     Start Time    Time   Page Note        Result    Details
REDACTED           FAX     Normal   05/14 02:51pm 04'09"  7                * O K
```

# THE LANGEL FIRM

A LITIGATION FIRM

225 BROADWAY, SUITE 700
NEW YORK, NEW YORK 10007
TEL. (718) 288-9518
FAX (646) 964-6682
JESSE@THELANGELFIRM.COM
WWW.THELANGELFIRM.COM

May 14, 2015

<u>Via facsimile</u>
(855) 582-1904

GC Limited Partnership
6330 Gufton
Houston, TX 77081

    Re:  Raymon Bruno
          Reference/Account # REDACTED
          Letter dated 5/5/15 (enclosed)

To Whom it May Concern:

The enclosed represents at least a third communication made directly with Mr. Bruno in violation of the Fair Debt Collection Practices Act. Attached is evidence of the other violations.

This office is preparing a lawsuit against GC Services, Pioneer Credit Recovery, and Educational Credit MGMT Corp.

Based on these violations, we demand $REDACTED in compensation.

In the interim, all communications shall be made through me.

Sincerely,

Jesse Langel